IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCASTER FINE FOODS, INC., | : | |
| | : | CIVIL ACTION NO. 16-182 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DALMATIA IMPORT GROUP, INC., and | : | |
| MAIA MAGEE, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DALMATIA IMPORT GROUP, INC., | : | |
| | : | CIVIL ACTION NO. 16-2767 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FOODMATCH, INC., LANCASTER FINE | : | |
| FOODS, INC., EARTH PRIDE ORGANICS, | : | |
| LLC, PHILIP MELDRUM, and MICHAEL S. | : | |
| THOMPSON, | : | |
| | : | |
| Defendants. | : | |

## **SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, it is **ORDERED** as follows:

1. Deadline for Completion of Fact Discovery.

All discovery shall proceed forthwith. The parties shall serve the disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than **Friday, July 8, 2016. Discovery** shall continue in such manner as will assure that all requests for and responses to discovery will be served, noticed, and completed by **Friday, September 23, 2016.** All discovery must be served in time to be completed by this date.

2. Deadline for Completion of Expert Discovery.

(a) On or before **Friday, September 30, 2015**, counsel for each party with the burden of proof on an issue shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report.

(b) On or before **Friday, October 7, 2016**, counsel for each party receiving an expert report referenced to in paragraph 2(a) shall serve upon counsel for every other party any rebuttal report with the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B).

(c) All expert depositions shall be completed by **Wednesday, October 19, 2016**.

3. Deadline for Filing of Dispositive Motions and *Daubert* Motions. All dispositive motions and any *Daubert* motions shall be filed no later than **Monday, October 31, 2016**.

4. Pre-trial deadlines.

(a) Motions in limine shall be filed by **Monday, November 21, 2016.**

(b) The final joint pre-trial order shall be filed by **Monday, November 21, 2016,** and shall include each parties' exhibit list, witness list, deposition designations, proposed jury instructions, and proposed verdict form.

(c) Responses to motions in limine shall be filed by **Thursday, December 1, 2016**. There shall be no replies.

(d) Objections to exhibits, witnesses, and deposition designations shall be filed by **Thursday, December 1, 2016**.

5. Final Pre-Trial Conference. The Court will hold a final pre-trial conference at **9:30 AM on Tuesday, December 6, 2016,** at The Holmes Building, 4th Floor, 101 Larry Holmes Drive, Easton, Pennsylvania 18042

6. <u>Trial Date.</u> This case is scheduled for trial on **Monday, December 12, 2016.** Jury selection for jury trials shall occur at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19101 on the first day of trial. The second and all subsequent trial days shall be held at The Holmes Building, 4th Floor, 101 Larry Holmes Drive, Easton, Pennsylvania 18042.

7. <u>Discovery.</u> Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* Fed. R. Civ. P. 26(b)(2)(iii).

(a) Absent further order of this Court, discovery in this cause is limited to: (i) the disclosures required by this Court's orders, (ii) requests for production and/or inspection of documents and things, including requests served pursuant to Federal Rule of Civil Procedure 45, (iii) interrogatories, limited such that each side is required to respond to no more than 30, including sub-parts, (iv) requests for admissions, such that each side shall be required to respond to no more than 50 (except for requests for admission directed solely toward document authentication, which shall be unlimited and which shall be separately delineated), (v) depositions on written questions of custodians of business records, for third parties, (vi) and depositions pursuant to Federal Rules of Civil Procedure 30 and/or 45, which are limited to 70 hours per side, whether the time is used in direct examination or cross-examination, excluding expert depositions, which shall be limited to 7 hours per expert. "Side" means a party or a group of parties with a common interest. For avoidance of doubt: Dalmatia Import Group, Inc. and Maia Magee are one side; Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, and Michael

S. Thompson are one side; and FoodMatch, Inc. is one side. The limitations above are exclusive of discovery taken in association with preliminary injunction proceedings.

(b) Given the short timeframe for discovery, the parties agree that (i) they will serve objections to discovery requests no later than 14 days after service, and (ii) they will produce all responsive, non-privileged documents, including any documents that are relied upon in answering an interrogatory pursuant to Rule 33(d), and, if documents are withheld based on privilege, serve a privilege log on the same date that their responses are due.

(c) At depositions, all objections other than objections to form are preserved, including any objection at a Rule 30(b)(6) deposition that a given question falls outside the scope of the noticed topics. Speaking objections are prohibited. Objections to form should be stated without explanation or elaboration (e.g., "Object to Form" or "Objection; form") unless an explanation is requested by counsel. With regard to Rule 30(b)(6) depositions, the party who is to be deposed shall identify the individual(s) who are being designated on each topic three days before the date of the deposition.

(d) Parties are excused from the requirements of Federal Rule of Civil Procedure 26(a)(3) as those requirements are duplicative of the procedures set forth in this Order.

(e) An expert's draft reports, draft declarations, and notes created by or for an expert in connection with the preparation of his/her expert report or declaration shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes and such reliance is made explicit in the expert's report, declaration, or testimony. Communications, including notes reflecting communications, between an expert and an attorney who has retained the expert will not be discoverable and need not be preserved unless the expert relies upon such communications, and such reliance is made explicit in the expert's report, declaration or

testimony. Nothing in the preceding sentences will preclude opposing counsel from obtaining any facts or data that a testifying expert is relying on in forming his opinion, including that coming from counsel, or from otherwise inquiring fully of a testifying expert into what facts or data the expert considered, whether the expert considered alternative approaches, or into the validity of the expert's opinions.

No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.

(f) The parties need not log documents withheld from discovery on the basis of the attorney-client privilege or the work product doctrine that (i) were exchanged between any attorney at a law firm that has appeared in this case and that attorney's client, (ii) did not include any party other than the attorney and that attorney's client, *and* (iii) were created on or after November 13, 2015.

(g) After disclosure is made pursuant to this order or the Federal Rules of Civil Procedure, each party is under a duty to supplement or correct its disclosures promptly if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

(h) A party is not excused from timely responding to discovery requests or producing discovery because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. A party is not excused from disclosure because there are pending motions to dismiss.

(i) Third party subpoenas shall be served on all opposing counsel no later than the same day that they are served on the third party. All documents produced by the third-party in response to the subpoena shall be immediately produced by the requesting party to all of the other parties in this case, without the requirement of being asked for such documents.

(j) The parties are directed to meet and confer regarding electronic discovery issues including form of production, email discovery, including custodians and search terms, and submit any agreements or disagreements to the Court with a status report and a proposed Order Governing Electronic Discovery within one week of the entry of this Scheduling Order.

(k) The parties are directed to meet and confer regarding a Protective Order and submit any agreements or disagreements to the Court with a status report and a proposed Protective Order within one week of the entry of this Scheduling Order.

8. <u>Service.</u> Documents must be filed and/or served no later than 5 PM ET on the day they are due. Documents filed and/or served after 5 PM ET are deemed filed the next day. Whenever possible, service shall be by email. Notwithstanding Federal Rule of Civil Procedure, service of a document by email or CM/ECF constitutes service by hand for purposes of computation of time.

Absent further order of the Court, this Scheduling Order shall govern Civil Action Nos. 5:16-cv-182 and 2:16-cv-2767, however consolidated and/or recaptioned.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.