IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCASTER FINE FOODS, INC., | : | |
| | : | CIVIL ACTION NO. 16-182 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DALMATIA IMPORT GROUP, INC., and MAIA MAGEE, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DALMATIA IMPORT GROUP, INC., | : | |
| | : | CIVIL ACTION NO. 16-2767 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FOODMATCH, INC., LANCASTER FINE FOODS, INC., EARTH PRIDE ORGANICS, LLC, PHILIP MELDRUM, and MICHAEL S. THOMPSON, | : | |
| | : | |
| Defendants. | : | |

## ORDER REGARDING E-DISCOVERY

The Court **ORDERS** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include metadata only to the extent described in paragraph 4(A) below.

4. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, except that spreadsheets, audio, database, and video files shall be produced in native form with unique Bates numbers associated with the native documents. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. To the extent the information is available, the parties will provide the following metadata fields: Image Beginning / Ending Range; Image Attachment Beginning / Ending Range; Attach Count (the number of attachments to an email); Document Type; Author/From; To; cc; bcc; Subject/Title; Date Sent; Time Sent; Date Received; Time Received; Last Modified; Date Created; Time Created; Date Modified (document's last modified date or operating system last modified date); Modified Time (document's last modified time or operating system last modified time); File Name; File Extension; and MD5 Hash Tag; Source (the producing party's name); Custodian (the custodian(s) of the document); Native File (the file path to the location of the native file if produced natively); Confidentiality Designation; Production Volume Name (the volume designation of the documents contained within the production).

    B. **Multiple Page Documents.** If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    C. **Document Families.** Document families will be produced intact, such that, if any document within a family is responsive to a valid request, the entire family (*i.e.*, the cover email/letter and all attachments) will be produced.

    D. **Text-Searchable Documents**. No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, then such documents shall be produced in the same text- searchable format at no cost to the receiving party.

    E. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

    F. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

    G. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    H. **Voicemail.** Absent a showing of good cause, voicemail is deemed not reasonably

    accessible and need not be collected and preserved.

    I.  **Text Messages.**  Production requests shall include text messages to the extent presently available.  Text communications may be produced as tiff images without any metadata.

5. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

6. Except as expressly stated, nothing in this order affects the parties' discovery obligations or right to object to certain discovery requests under the Federal or Local Rules.

**SO ORDERED.**

                                      BY THE COURT:

                                    /s/ *Edward G. Smith*
                                    EDWARD G. SMITH, J.