IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMATIA IMPORT GROUP, INC., et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 16-2767 |
| | : | |
| v. | : | |
| | : | |
| FOODMATCH, INC., et al., | : | |
| | : | |
| Defendants. | : | |

### AMENDED MEMORANDUM OPINION AND ORDER

This matter is before the Court on referral from the Honorable Edward G. Smith with respect to discovery matters. Subsequent to the issuance of this Court's September 29, 2016 Memorandum Opinion and Order (Doc. No. 97), the parties informed the Court that, at a hearing before Judge Smith, the trial date in this case was extended and that new pretrial deadlines will be established in the near future. Accordingly, the Court has revised the deadlines stated in its September 29th Memorandum Opinion and Order as set out below.

Plaintiff Dalmatia Import Group, Inc. ("Dalmatia") has requested that the Court order Defendant FoodMatch, Inc. ("FoodMatch") to respond to interrogatories 15- 25 which Dalmatia served on FoodMatch on August 24, 2016. September 28, 2016 letter of Michael S. Nadel, Esquire to the Honorable Marilyn Heffley. FoodMatch has objected to the interrogatories on the ground that they are contention interrogatories to which FoodMatch cannot properly respond until the close of discovery.

Contention interrogatories are authorized pursuant to Federal Rule of Civil Procedure 33. Contention interrogatories can be characterized as:

> "any question that asks another party to indicate *what* it contends . . . [a question asking] another party *whether* it makes some specified contention . . . [a question

asking] an opposing party to state all *facts* on which it *bases* some specified contention . . . [a question asking] the responding party to take a position, and then to explain and defend that position, with respect to *how the law applies to facts* . . . [a question asking] parties to spell out the *legal basis* for, or theory behind, some specified contention."

In re Auto. Refinishing Paint Antitrust Litig., No. MDL 1426, 2006 WL 1479819, at *3-4 (E.D. Pa. May 26, 2006) (emphasis in original) (quoting Fischer & Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D. Pa. 1992)).  Interrogatories that seek the identification of documents or of witnesses are not contention interrogatories.  United States v. Educ. Mgmt. LLC, No. 2:07-CV-00461, 2013 WL 3854458, at *20 (W.D. Pa. May 14, 2013) (emphasis in original), report and recommendation adopted, No. 2:07-CV-461, 2013 WL 3863963 (W.D. Pa. July 23, 2013); In re Auto. Refinishing Paint Antitrust Litig., 2006 WL 1479819, at *4; B. Braun Med. Inc. v. Abbott Labs., 155 F.R.D. 525, 527 (E.D. Pa. 1994).

"[T]here is considerable support for deferring contention interrogatories until the end of the discovery period."  B. Braun Med., 155 F.R.D. at 527(citing In re Convergent Technologies Securities Litig., 108 F.R.D. 328, 336 (N.D. Cal. 1985)); accord McCrink v. Peoples Benefit Life Ins. Co., No. CIV. A. 2:04CV01068LDD, 2004 WL 2743420, at *4 (E.D. Pa. Nov. 29, 2004); Fischer & Porter Co., 143 F.R.D. at 95; Connecticut Indem. Co. v. Markman, No. 93-799, 1993 WL 452104, at *4 (E.D. Pa. Oct. 28, 1993).  This is because "[t]o force [a party] to respond at this stage in the litigation would require [the party] to "articulate theories of [its] case not yet fully developed."  McCrink, 2004 WL 2743420, at *4.  It may inappropriately lock a party into positions before the party has discovered the relevant evidence to support or defeat a particular contention.  Educ. Mgmt., 2013 WL 3854458, at *24.  Moreover, because parties have an obligation to supplement interrogatories in a timely manner when new information becomes available under Federal Rule of Civil Procedure 26(e), requiring responses to contention interrogatories prior to the conclusion of discovery is likely to require repeated supplementation

of responses. "'Efficiency prescribes that the parties should not be obliged to answer contention interrogatories repeatedly.'" Educ. Mgmt., 2013 WL 3854458, at *24 (quoting Ziemack v. Centel Corp., 1995 U.S. Dist. LEXIS 18192 at *5 n. 3 (N.D. Ill. Dec. 6, 1995)). For these reasons, "[t]he party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery" by showing that "early answers 'will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.'" B. Braun Med., 155 F.R.D. at 339 (quoting Fischer & Porter Co., 143 F.R.D. at 96)).

Dalmatia's interrogatories 16-25 are, in part, contention interrogatories. They each ask FoodMatch to "state all facts and identify all evidence" to support various contentions or affirmative defenses. Dalmatia has not attempted to make the showing necessary to support its request for responses at this time other than to state that its depositions of FoodMatch witnesses will begin on October 7, 2016.[1] As Dalmatia's September 28, 2106 letter recognizes, FoodMatch is in the process of taking depositions of Dalmatia witnesses. Given the complexity of this case and the scope of discovery, FoodMatch will need time to process the information it learns in discovery before it can "state all facts and identify all evidence" regarding its contentions or defenses. Moreover, there is a substantial likelihood that FoodMatch would be required to supplement any interrogatory responses it gives now based on ongoing discovery, at which time a new discovery dispute likely will arise over Dalmatia's desire to take additional depositions regarding the supplemented responses. The accelerated discovery schedule in this case does not account for the delays that likely would ensue from such developments. Dalmatia

---

[1] Dalmatia's unsupported suggestion that it might discover FoodMatch violated Federal Rule of Civil Procedure 11 in asserting contentions or defenses, does not carry any meaningful weight.

has shown no reason why it cannot take discovery in the ordinary course by asking deponents about facts and documents relevant to the contentions and defenses FoodMatch has asserted. Accordingly, FoodMatch need not respond to the portions of interrogatories 16-25 that ask that it "state all facts and identify all evidence" regarding the listed subjects until the close of discovery.

Portions of interrogatories 16-25, however, are not contention interrogatories because they ask FoodMatch to identify documents and witnesses.  Such requests are ordinary and proper in the course of discovery.  While FoodMatch may not be able to produce complete and final responses to those requests at this time, it will be able, and has a duty under Federal Rule of Civil Procedure 26(e), to supplement its responses should additional responsive information be discovered.  Therefore, in light of the accelerated discovery schedule in this case and the fact that the depositions of FoodMatch witnesses are to commence on October 7, 2016, FoodMatch shall serve responses to the portions of interrogatories 16-25 that seek the identification of documents and witnesses on or before October 6, 2016.

Interrogatory 15 seeks FoodMatch's contentions and calculations as to its counterclaim damages.  Given the complexity of the calculations involved, it is apparent that those matters will be the subject of expert testimony.  Judge Smith will be setting a new date for the exchange of the parties' Federal Rule of Civil Procedure 26(a)(2)(B) disclosures regarding expert opinions. To the extent any information or documents called for by interrogatory 15 have not yet been provided by FoodMatch in its Federal Rule of Civil Procedure 26(a)(2)(B) disclosures, it shall provide them in a response to that interrogatory at the time when the parties exchange those disclosures under the new scheduling order to be issued by the Honorable Edward G. Smith.

Based on the foregoing, the Court enters the following Order.

## ORDER

**AND NOW**, this 3rd day of October, 2016, upon consideration of the September 28, 2016 letter of Michael S. Nadel, Esquire to the Honorable Marilyn Heffley, and after a telephonic status conference, **IT IS ORDERED** that:

1. FoodMatch shall provide responses to the portions of interrogatories 16-25 that seek the identification of documents and witnesses on or before October 6, 2016;

2. FoodMatch shall not be required to respond to the remaining portions of interrogatories 16-25 until the close of discovery; and

3. To the extent any information or documents called for by interrogatory 15 have not yet been provided in FoodMatch's Federal Rule of Civil Procedure 26(a)(2)(B) disclosures, it shall provide them in a response to that interrogatory at the time when the parties exchange those disclosures under the new scheduling order to be issued by the Honorable Edward G. Smith.

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE