IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALMATIA IMPORT GROUP, INC. and MAIA MAGEE, <br><br> Plaintiffs, <br><br> v. <br><br> FOODMATCH, INC., <br> LANCASTER FINE FOODS, INC., <br> EARTH PRIDE ORGANICS, LLC, <br> C.O. NOLT, INC., and <br> MICHAEL S. THOMPSON, <br><br> Defendants. | CIVIL ACTION NO. 16-2767 |

## DALMATIA'S PRETRIAL MEMORANDUM

Pursuant to the Scheduling Order as modified by the Court's instructions, Plaintiffs Dalmatia Import Group, Inc. ("Dalmatia") and Maia Magee respectfully submit their pretrial memorandum.

**1.   JURIDICTION**

   **A.   Dalmatia's Claims**

Dalmatia brings claims for misappropriation of trade secrets, trademark infringement and trademark counterfeiting, unfair competition, breaches of contracts, tortious inference with contracts, civil conspiracy, conversion, and claims in the alternative. The claims are brought under the federal Lanham Act, the federal Defend Trade Secrets Act of 2016, the Pennsylvania Uniform Trade Secrets Act, and state common law (including, as appropriate, the common law of Pennsylvania, Massachusetts, and New York).

This Court has subject matter jurisdiction over Dalmatia's federal claims pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§ 1367.  This Court also has diversity jurisdiction over all Dalmatia's claims pursuant to 28 U.S.C. § 1332 because Dalmatia and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

### B.  Defendants' Counterclaims

Defendant Lancaster Fine Foods, Inc. ("Lancaster") has brought counterclaims for breaches of contract and unjust enrichment against Dalmatia.  Defendant FoodMatch, Inc. ("FoodMatch") has brought a counterclaim against Dalmatia for breach of contract.  The Court has subject matter jurisdiction over those counterclaims pursuant to 28 U.S.C. §§ 1332.

Lancaster has also brought a counterclaim for commercial disparagement against Dalmatia and Dalmatia's co-owner and president, Maia Magee.  Given the lack of any damages for commercial disparagement, the Court lacks subject matter jurisdiction over that claim, because the amount in controversy does not exceed $75,000.  Additionally, Ms. Magee is not subject to personal jurisdiction in Pennsylvania.  Ms. Magee has filed a motion for summary judgment of lack of personal jurisdiction, which should be granted.

Lancaster has also brought claims for civil trespass and conspiracy for civil trespass against Ms. Magee.  The Court lacks subject matter jurisdiction over those claims, because the amount in controversy does not exceed $75,000.

### 2.  DAMAGES CLAIMED

As of this writing, Dalmatia claims monetary damages that fit into the following categories:

  i. Damages associated with the sale of the Divina Products.  Presently, Dalmatia intends to seek as damages Defendants' unjust enrichment. Defendants have agreed, including before the Court, to provide the required updated discovery regarding their sales of Divina

through January 15, 2017.  The Lancaster Defendants appear to have done so.  FoodMatch has not yet done so.

  ii. Trebling of damages (exemplary damages) associated with Defendants' sales of the Divina Products, pursuant to the Pennsylvania Uniform Trade Secrets Act and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(3)(B)(C).

  iii. (A) Defendants' profits associated with the sales of the infringing Dalmatia Products and damages sustained by Dalmatia as a result of the sales of the infringing Dalmatia Products as enhanced by the Court under 15 U.S.C. § 1117(a) and Pennsylvania unfair competition law (amounts depending on proof at trial), and/or trebling for counterfeiting of the greater amount of Defendants' profits and damages sustained by Dalmatia under 15 U.S.C. § 1117(b); *or* (B) statutory damages of $4,000,000 under 17 U.S.C. § 1117(c).

  iv. Additional compensatory damages of at least $770,563 (an amount to be updated once Defendants provide their updated sales information, facilitating a supplement report) associated with breaches of contract by Lancaster Fine Foods and Earth Pride Organics.

  v. Compensatory damages of $66,823 for conversion by Lancaster Fine Foods, Earth Pride Organics, and Michael S. Thompson.

  vi. Punitive damages against all Defendants in association with the civil conspiracy claim.

  vii. Punitive damages against FoodMatch in association with the tortious interference with contract claim.

  viii. Punitive damages against Lancaster Fine Foods, Earth Pride Organics, and Michael S. Thompson in association with the conversion claim.

  xii. Attorneys' fees.

      xiii.    Pre-judgment and post-judgment interest.

      xiii.    Costs of the action.

All categories of damages above except for enhancement/trebling under 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b), attorneys' fees, pre-judgment and post-judgment interest, and costs, are for the jury.  This includes statutory damages for counterfeiting under 15 U.S.C. § 1117(c) and exemplary damages under the trade secrets statutes.

Dalmatia reserves the right to seek additional damages during trial as justified by the facts and the law.

Additionally, following the jury's verdict, Dalmatia expects to seek permanent injunctions against Defendants.  The parties and the Court have agreed that evidence related to the equitable injunction factors (irreparable harm, balance of harms, the public interest) need not be presented during the trial and will be the subject of post-trial proceedings.

**3.     STIPULATIONS**

At the January 23, 2017 final pre-trial conference, the parties agreed on the record to stipulate that the Divina fig spread products are used in or intended for interstate commerce.

.

Respectfully submitted,

/s/ *Michael S. Nadel*
Samuel E. Cohen (Pa. ID# 204617)
Constance K. Nelson (Pa. ID# 92807)
GROSS MCGINLEY, LLP
33 South Seventh Street, PO Box 4060
Allentown, Pennsylvania  18105
(610) 820-5450

Lauren E. Handel
HANDEL FOOD LAW LLC
75 Washington Valley Road #416
Bedminster, New Jersey  07921
(908) 206-4103

Michael S. Nadel
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 756-8000

*Attorneys for Plaintiff*
*Dalmatia Import Group, Inc.*
*and Maia Magee*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2017, a true and correct copy of the foregoing was filed electronically using the CM/ECF system. As such, this document was served on all counsel who have consented to electronic service, including as follows:

*Counsel for Defendant FoodMatch, Inc.:*

Richard Feldman, Esq.
Michael Smith, Esq.
ROSENBERG FELDMAN SMITH, LLP
551 Fifth Avenue, Floor 24
New York, New York  10176

*Counsel for Defendant Lancaster Fine Foods, Inc., Earth Pride Organics, and Michael S. Thompson:*

George J. Krueger, Esq.
Alexandra C. Scanlon, Esq.
Brian Berkley, Esq.
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania  19103

/s/ *Michael S. Nadel*
Michael S. Nadel