IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALMATIA IMPORT GROUP, INC. and MAIA MAGEE, | : |
| Plaintiffs, | : CIVIL ACTION NO. 16-2767 |
| v. | : |
| FOODMATCH, INC., LANCASTER FINE FOODS, INC., EARTH PRIDE ORGANICS, LLC, C.O. NOLT, INC., and MICHAEL S. THOMPSON, | : |
| Defendants. | : |

## JUDGMENT

**AND NOW**, this 3rd day of May, 2017, after holding a jury trial in the above-captioned case in which the jury found (1) for the plaintiff, Dalmatia Import Group, Inc. ("Dalmatia"), on its claims for misappropriation of trade secrets, trademark infringement, trademark counterfeiting, conversion, and breach of contract (with respect to the non-disclosure agreement between Beanies of Lancaster, Inc. ("Beanies") and Dalmatia), (2) for the defendant, Lancaster Fine Foods, Inc. ("Lancaster"), on its counterclaim for trespass, and (3) against the respective claimant on all other claims and counterclaims brought by Dalmatia, Lancaster, and the defendant, FoodMatch, Inc. ("FoodMatch") (*see* Verdict Form, Doc. No. 280); and after considering the motions for entry of judgment on the verdict filed by Dalmatia and Maia Magee ("Magee"), and Lancaster (Doc. Nos. 296, 297); and after considering any responses thereto and any other submissions in support (Doc. Nos. 309, 310, 311, 314); and after hearing oral argument on the motions on April 18, 2017; accordingly, it is hereby **ORDERED** as follows:

1. The motion for entry of judgment on the verdict filed by Dalmatia and Magee (Doc. No. 296) is **GRANTED**;

2. The motion for entry of judgment on the verdict relating to counts IV and V of the first amended counterclaim filed by Lancaster (Doc. No. 297) is **DENIED**;

3. Dalmatia shall recover from FoodMatch the sum of One Million Seven Hundred Twenty-Five Thousand Dollars ($1,725,000) in trebled profits for trademark counterfeiting, as well as prejudgment interest on that amount;

4. Dalmatia shall recover jointly and severally from FoodMatch, Lancaster, the defendant, Earth Pride Organics, Inc. ("Earth Pride"), and the defendant, C.O. Nolt, Inc. ("C.O. Nolt"), the sum of Two Hundred Thousand Dollars ($200,000) in actual damages for trademark infringement, as well as prejudgment interest on that amount;

5. Dalmatia shall recover jointly and severally from FoodMatch, Lancaster, and Earth Pride, the sum of Five Hundred Thousand Dollars ($500,000) in damages for misappropriation of trade secrets;

6. Dalmatia shall recover from C.O. Nolt, the sum of One Million Two Hundred Seventy-Five Thousand ($1,275,000) in trebled profits for trademark counterfeiting, as well as prejudgment interest on that amount;

7. Dalmatia shall recover jointly and severally from Lancaster and Earth Pride: (1) The sum of Nine Hundred Thousand Dollars ($900,000) in trebled profits for trademark counterfeiting, as well as prejudgment interest on that amount, (2) the sum of Five Hundred Thousand Dollars ($500,000) in damages for breach of contract, and (3) the sum of Sixty-Seven Thousand Dollars ($67,000) in damages for conversion;

8. Dalmatia shall recover post-judgment interest on this judgment at a rate of 1% per annum;

9. Dalmatia shall recover its costs of this action;

10. Judgment is entered for Dalmatia and against FoodMatch, Lancaster, and Earth Pride, on Dalmatia's claims for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 and the Pennsylvania Uniform Trade Secrets Act;

11. Judgment is entered for Dalmatia and against FoodMatch, Lancaster, Earth Pride, and C.O. Nolt, on Dalmatia's claims for trademark infringement under the Lanham Act;

12. Judgment is entered for Dalmatia and against FoodMatch, Lancaster, Earth Pride, and C.O. Nolt, on Dalmatia's claims for trademark counterfeiting under the Lanham Act;

13. Judgment is entered for Dalmatia and against Lancaster and Earth Pride on Dalmatia's claim for breach of the non-disclosure agreement between Beanies and Dalmatia;

14. Judgment is entered for Dalmatia and against Lancaster and Earth Pride on Dalmatia's claim for conversion;

15. Judgment is entered for FoodMatch on Dalmatia's claim for breach of the distribution agreement;

16. Judgment is entered for FoodMatch on Dalmatia's claim for breach of the non-disclosure agreement between FoodMatch and Dalmatia;

17. Judgment is entered for Lancaster and Earth Pride on Dalmatia's claim for breach of the supply agreement; accordingly, Lancaster's counterclaim for declaratory judgment, count IV of Lancaster's first amended counterclaim (Doc. No. 190), is **DISMISSED**;

18. Judgment is entered for FoodMatch on Dalmatia's claim for tortious interference with contract;

19. Judgment is entered for FoodMatch, Lancaster, Earth Pride, and C.O. Nolt on Dalmatia's claim for unfair competition;

20. Judgment is entered for FoodMatch, Lancaster, Earth Pride, and C.O. Nolt on Dalmatia's claim for civil conspiracy;

21. Judgment is entered for Michael S. Thompson ("Thompson") and against Dalmatia on all claims by Dalmatia against Thompson;

22. Judgment is entered for Dalmatia and against FoodMatch on FoodMatch's counterclaim for breach of contract;

23. Judgment is entered for Lancaster and against Magee on Lancaster's counterclaim for civil trespass;

24. Judgment is entered for Magee and against Lancaster on Lancaster's claim for civil conspiracy;

25. This is a non-final, non-appealable judgment subject to the parties' rights to file post-judgment motions;[1]

26. The sums of pre-judgment interest shall be calculated at the time of final judgment;

27. The post-judgment interest rate shall be adjusted as necessary at the time of final judgment; and

28. The court retains jurisdiction over this case pending entry of final judgment.

BY THE COURT:



EDWARD G. SMITH, J.

---

[1] This judgment is not a final judgment under Federal Rule of Civil Procedure 54(b), however it serves to trigger the 28-day limitations period under Rules 50(b), 50(d), and 59 for post-trial motions. Responsive briefs are to be filed 28 days after the filing of any motions, and replies 14 days after responses. After the court resolves the post-trial motions, the court will enter a final, appealable judgment.